Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

APR 2 8 2023

**U.S. DISTRICT COURT   WVND**
CLARKSBURG, WV 26301

·DENNIS JAMES JOHNSON

Reg. no. 10297-018 #
*Your full name*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

v.

SIA LIEUTENENT KINDER

Ms. ARGUELLUES

Ms. A. SMITH

OFFICER ICE
*Enter above the full name of defendant(s) in this action*

Civil Action No.: 3:23- cv - 110
*(To be assigned by the Clerk of Court)*

Groh, Trumble, Sims

## I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**.  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.    Name of Plaintiff: Dennis J. Johnson Inmate No.: 10297-018
        Address: F.C.I. Gilmer, P.O. Box 6000, Glenville, West Virginia, 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B.  Name of Defendant: _SIA Lieutenent Kinder_
    Position: _SIA Lieutenent_
    Place of Employment: _Federal Correctional Institution Gilmer_
    Address: _P.O. box 6000, Glenville, West Virginia, 26351_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes        ☐ No

If your answer is "YES," briefly explain: _Lieutenent Kinder was in charge of investigating the attempted sexual assualt and and sexual harassment and reporting the incident to the central office of the Bureau of Prison and the Department of Justice for criminal charges, he never filrd the report to either office._

B.1  Name of Defendant: _Ms. Arguellues_
     Position: _Assistant Psychologist_
     Place of Employment: _Federal Correctional Institution Gilmer_
     Address: _P.O. box 6000, Glenville, West Virginia, 26351_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes        ☐ No

If your answer is "YES," briefly explain: _Ms. Arguellues was also responsible for reporting the attempted sexual assualt and sexual harassment to the approiate authorities in the central office of the BOP and the Department of Justice and failed to do so and tried covering up the incident along with Lieutenent Kinder_

B.2  Name of Defendant: _Ms. A. Smith_
     Position: _Secretary to the chaplain / B unit secretary_
     Place of Employment: _Federal Correctional Institution Gilmer_
     Address: _P.O. Box 6000, Glenville, West Virginia, 26351_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes        ☐ No

Attachment A

If your answer is "YES," briefly explain: Denied the Plaintiff the right to practice religious practices within the chapel and the institution in retaliation for reporting Officer Ice for attempted sexual assusalt and sexual harassment and the destruction of religious materials.

B.3    Name of Defendant: _____Officer Ice_____
Position: Senior Officer Specialist
Place of Employment: Federal Correctional Institution Gilmer
Address: P.O. Box 6000, Glenville, West Virginia, 26351
_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: Officer Ice was the acting dorm officer at the time of the attempted sexual assualt and sexual harassment occured during the lock down of the institution for administartion reasons. Officer Ice destroyed the religious property in retaliation against the Plaintiff for not complying with his order to participate in sexual acts.

B.4    Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____
_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☐ Yes        ☐ No

If your answer is "YES," briefly explain: _____
_____
_____
_____
_____

**Attachment A**

B.5   Name of Defendant: _____
      Position: _____
      Place of Employment: _____
      Address: _____
      _____

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?     □ Yes          □ No

      If your answer is "YES," briefly explain: _____
      _____
      _____
      _____
      _____

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: <u>Federal Correctional Institution Gilmer</u>

A.   Is this where the events concerning your complaint took place?
     ☑ Yes        □ No

     If you answered "NO," where did the events occur?
     _____

B.   Is there a prisoner grievance procedure in the institution
     where the events occurred?     ☑ Yes        □ No

C.   Did you file a grievance concerning the facts relating to this complaint in the
     prisoner grievance procedure?
     □ Yes        ☑ No

D.   If your answer is "NO," explain why not: <u>There is no administartion
     grievance procedures in the Program Statement for sexual
     assualt. All complaints must be filed by e-mail to the
     Department of Justice office of the Inspector General.</u>

E.   If your answer is "YES," identify the administrative grievance procedure
     number(s) in which the claims raised in this complaint were addressed

**Attachment A**

and state the result at level one, level two, and level three.  **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _____

LEVEL 2 _____

LEVEL 3 _____

## IV.    PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?              ☑ Yes        ☐ No

B.    If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s):  Dennis J. Johnson _____

Defendant(s): Warden R. Brown _____

2.    Court: U.S. District Court, N.D. W.V, Wheeling, W.V.
(If federal court, name the district; if state court, name the county)

3.    Case Number: 5:23-cv-26 _____

4.    Basic Claim Made/Issues Raised:  cruel and unusual punishment in violation of the Eighth amendment of the U.S. Constitution/ attempted sexual assualt, sexual harassment by correctional officer

5.    Name of Judge(s) to whom case was assigned: The Honorable Judge Bailey / Magistrate Judge , James P. Mazzone

6.    Disposition: Dismissed without prejudice _____
(For example, was the case dismissed?  Appealed?  Pending?)

7.    Approximate date of filing  lawsuit: January, 27, 2023

---

**Attachment A**

8.   Approximate date of disposition. Attach Copies: March, 22 ,2023

C.   Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☑ Yes        ☐ No

D.   If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. The Plaintiff filed an electronic e-mail to the Department of justice, Office of the Inspector General on the dates of November, 12th, and 13th of 2022 as requierd by Bureau fo Prisons Program Statement requesting an investigation and requesti ng that charges be filed against the Officers. There was no response from the Inspector Generals Office

E.   Did you exhaust available administrative remedies?
☑ Yes        ☐ No

F.   If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. In accordance with the BOP Policy statement, the Petitioner sent an electronic e-mail to the Department of Justice office of the Inspector General on the dates of November, 12th and 13th of 2022. There has been no response from the Department of Justice or the Inspector Generals office concerning the matter.

G.   If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.   Parties to previous lawsuit:

Attachment A

Plaintiff(s): DENNIS J. JOHNSON

Defendant(s): ORANGE COUNTY JAIL

2.    Name and location of court and case number: United States District Court, Orlando Division / case no. 6:11-cv-1973

3.    Grounds for dismissal:    □ frivolous    □ malicious
      □ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: December, 13, 2011

5.    Approximate date of disposition: August of 2013

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)*

CLAIM 1: The Defendant's violated the Plaintiff's Eighth and Fourteenth amendment rights by subjecting the Plaintiff to sexual harassment and attempted sexual assualt by correctional officers and by covering up the incident and not reporting it to the Department of Justice office of the Inspector General as governed by ( PREA ) policy statement.

Supporting Facts: On the date of September, 28, 2022, while being housed in unit BA, cell 112. I was approached by Officer Ice who was working as the dorm officer during the institutional lockdown. When he first approached the cell that I was occupying with my cell mate inmate

Attachment A

Quintin Davis. Officer Ice said that he smelled smoke coming from one of the cells. He ( Officer Ice ) pulled both me and my cell mate out of the cell in order to search the cell for anything burning or that was fire. After not finding

CLAIM 2: Violation of my First Amendment rights to freedom of religion and the exercise of my religion in retaliation for reporting the attempted sexual assulat by Officer Ice and the destruction of my religious property.

Supporting Facts: On the date of January, 10, 2023, while attending religious service within the institutional chapel. The chaplains assisatnt and secretary called me outside of the room in which we were conducting services and instructed me that I and the other inmates could no longer conduct religious services

CLAIM 3: _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

_____

CLAIM 4: _____

_____

_____

_____

_____

Supporting Facts: _____

_____

Section G continued

1. parties to previous law suit:
      Plaintiff (s): DENNIS J. JOHNSON
      Defendant (s): BOARD OF DIRECTORS, Federal Prisons
                     Industries, Inc.

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-145

3. The case was voluntarily dismissed by the Plaintiff

4. Approximate date of filing lawsuit: December, 12, 2017

5. Approximate date of disposition: March of 2018


1. Parties to previous lawsuit:
      Plaintiff (s): DENNIS J. JOHNSON
      Defendant (s): UNITED STATES OF AMERICA

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case number 2:16-cv-22

3, the case was voluntarily dismissed by Plaintiff

4, Approximate date of filing: Feb. 18, 2016

5. Approximate date of disposition:  Nov. 2016


1. Parties to previous lawsuit:
      Plaintiff (s): DENNIS J. JOHNSON
      Defendant (s): SHAUN STANLEY

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-91

3. dismissed without prejudice for failure to amend complaint

4. Approximate date of filing: August, 2, 2017

5. Approximate date of disposition:


12 (a)

Claim one continued
         Supporting Facts continued :

anything Officer Ice ordered us back into the cell. This incident
occurred between the time of 5:23 and 6:39 pm, in the afternoon.
During the search by Officer Ice of the cell, Officer Tucker and
a female Officer came into the dorm to observe what was going on.
Officer Tucker then informed Officer Ice that all cell doors were
to remain closed due to the lockdown procedures. Officer Ice
stated that he could do what he wanted and that he knew the rules.
After this conversation Officer Tucker and the female officer left
the unit. It was then that Officer Ice made reference to the
religious shrine that was in my cell that belonged to me. After
being in the cell for a brief period of time, Officer Ice took
some small items and left the cell after we had returned within the
cell. After a breif period of time Officer Ice returned to the cell
to look through the glass window of the cell door. At this time I
was standing in front of the toilet using the restroom. While I
was standing in front of the toilet with my pants open, Officer
Ice then made sexual comments towards me concerning engaging in
sexual acts. I then told Officer Ice that I did not play sex games
and to leave me alone. I then went back to my bunk and sat down
to finish my legal work. Officer Ice then proceeded to walk back
and forth in front of the cell looking into the cell and instructing
my cell mate to move out of his view so that he could watch me
through the window of the door. While watching me he ( Officer Ice )
was making comments and suggesstions about performing oral sex acts
trying to get my attention. This went on fro a period of about
thirty minutes or more. When I wouldn't engage in any conversation
with Officer Ice. He again opened the cell door and instructed
both me and my cell mate Quintin Davis to exit the cell. When I
was walking past him going out the door he ( Officer Ice )
instructed me to go to the  back where the officers restroom was
located. I instead went and sat down at the table in the day area.
Officer Ice then proceeded to destroy my religious shrine and all
religious materials as a form of retaliation for me not talking
to him about the sex acts and for me not going to the back restroom
when he asked me to do so. At this time another inmate in the unit
asked both me and Quintin Davis what was going on and why where
we being harassed. I then explained to the unit what was going on
and what the problem was all about. I then instructed Officer Ice
that I was not going to let him perform oral sex on me and to call
the Lieutenents office. After searching the cell and destroying my
religious property, Officer Ice then called the duty Lieutenent
to the dorm. When Lieutenent Hacker and Officer Currence came
into the unit; he asked which inmate wanted to talk to him. That
is when the other inmates in the unit instructed him that inmate
Johnson was the one who requested to see him. At which time
Officer Ice brought the Lieutenent to my cell door. When the
Lieutenent came to the cell door he asked me what was going on, I
then informed Lieutenent Hacker of the sexual proposition made by

                            13 (a)

Claim one continued
        Supporting facts continued:

Officer Ice and about the harassment and the destruction of my
religious property because I would not do what he asked me to do
concerning the sexual acts and by not going to the back room. I
then informed the Lieutenent that I wanted to press charges against
Officer Ice for attempted sexual assualt and for sexual harassment
and religious discrimination and the destruction of my religious
property. Lieutenent Hacker instructed me to step outside the unit
to discuss what was going on. Upon going outside, Lieutenent
Hacker asked me again if I wanted to press charges against the
Officer, I informed him that I did want to press charges against
the officer for what he was trying to force me to do against my
will. Lieutenent Hacker then instructed Officer Currence to escort
me to the Lieutenents office. Upon reaching the Lieutenents office,
I was instructed to sit on the bench and wait for the SIS technican,
Mr. Boatwright to come and talk to me about what was  going on.
When Mr. Boatwright came outside of the Lieutenents office he asked
me what was the problem and exactly happened in the unit. I then
informed him about the  sexual propositions and the sexual
comments made by Officer Ice and what transpired after that when
I tried to ignore the comments and suggesstions. I then informed
Mr. Boatwright to go look at the camaras and that he would see the
incident as it happened. He asked me then if I was sure that I
wanted to press charges against the officer, I again informed him
that yes I did. Mr. Boatwright then informed me that I would be
placed in administrative confinement pending an investigation. I
informed him that I didn't care what happened and that I wanted to
press charges against the officer. At this time he instructed
Officer Currence to escort me to the confinement unit. This occured
between the time of 7:18 and 8:45 pm.
        On the date of September, 29, 2022, between the time of 7:30
and 8:20 am, I was called to come down to the Lieutenents office
that is within the confinement unit for an interview with the SIA
Lieutenent, Mr. Kinder and to see Lieutenent Jarrett about the
events of the night before. When I entered the Lieutenents office,
Lieutenent Kinder informed me that he was there to perform the
initial investigation into the sexual or attempted sexual assualt
that took place, and that he would speak to me after Lieutenent
Jarrettt finished with me. It was then that Lieutenent Jarrett
informed me that a disciplinary report was written by Officer Ice
after I requested to press charges against him for attempted sexual
assualt. At which time he began to read to mewhat was written by
Officer Ice. He then asked me what happened and was there any
witnesses to the incident at which time I gave him the names of
the inmates that heard and saw the whole incident. When he finished
talking to me about the disciplinary report, Lieutenent Kinder the
SIA officer spoke to me about what occured. It was during this
conversation that Lieutenent Kinder informed me that first and
foremost in his opinion that the benifit of the doubt was in
favor of the officer and that I was facing an uphill struggle but

                            13 (b)

Claim one continued

   Supporting facts continued

that he would have to do the investigation anyway. Lieutenent Kinder asked me what had happened and I informed him of the false pretense that was used by Officer Ice to first come into the cell that was the lie about smelling smoke. I also informed him that when Officer Ice first came into the cell that I was asleep in my bunk and that my cell mate was standing by the door watching the t.v. and that it was Officer Ice that had awaken me from the very start. I informed Lieutenent Kinder of the nature of the comments made by Officer Ice and how I personally felt about the whole situation. I also expressed to Lieutenent Kinder that I wanted to press charges against the officer. Lieutenent Kinder unformed me that he would see it through to the Department of Justice. After this conversation with Lieutenent Kinder, the medical assistant came into the room and asked me questions about the incident and wether or not had I sustained any injuries, after the examination the medical assistant left the room. The next person to enter the room was the Psychologist Ms. Arguellues to ask me questions about the incident. When I was being questioned by the psychologist about the incident, Lieutenent Kinder remained in the room and from time to time he and the psychologist would ask me questions at the same time as a way of trying to confuse me or trying to get me to lie about the events of what happened. After repeatedly failing to get me confused or to lie about the events of what transpired, I was then informed by Lieutenent Kinder that I would be transfered as soon as possible to avoid efforts at retaliation from other officers. After this conversation I was returned to my cell. On the date of October, 28, 2022, I wrote a cop out to SIA Lieutenent Kinder about the lack of an investigation and for failing to write a complaint as he had promised, as the officer that committed the attempted sexual assualt was never questioned and the witnesses where never questioned about the incident. It was also about this time that I was receiving threats from other officers about reporting Officer Ice for the attempted sexual assualt. I did not receive an answer from the cop out that I had written to Lieutenent Kinder earlier on the 28th of October. However, on November, 7, 2022, the confinement Lieutenent, Mr. Adtkins came to my cell and instructed me that he was ordered to send me back to the compound and that since the disciplinary report that was written was expunged by the DHO officer, that there was no reason to transfer me and that if I did not go back to the compound that I would be given another disciplinary report every time I refused to go to the compound. I asked Lieutenent Adtkins if I could speak with the SIA Lieutenent Kinder, Lieutenent Adtkins informed me that it was Lieutenent Kinder that told him to place me back on the compound. When I refused to return to the compound, I was given another disciplinary report. I then informed Lieutenent Adtkins about the problem and was told that there was no investigation and that there wasn't going to be a criminal complaint written on the matter and to leave the matter alone and return back to the compound. On the date of November, 7, 2022, I wrote

13 (c)

Claim one continued

Supporting facts continued

another cop out to the SIA Lieutenant Kinder about the problem and the necessary steps that I was being forced to take to insure my safety and the other inmates that heard what was being said and that was aware of the situation, including the conversation between Lieutenent Adtkins and myself wrote affidavits as to the nature of the conversation and as to what happened. ( see exhibits C1-C5 ).

On the date of November 8, 2022, I was forced to go back to the compound by the SIA Lieutenant Kinder and Lieutenent Adtkins. On the date of November 12, 2022, and the 13th of November of 2022, I wrote and incident report through the institutional e-mail to the Department of Justice in order to file a PREA report as required by the Bureau of Priosns Program Statement since there is no grievance procedures in place within the Bureau of Prisons for sexual assualt complaints. Since filing the two complaints on the institutional computer to the Department of Justice there has been no response concerning the complaints from the Department of Justice.

On the 14th of November I contacted my attorney within the Federal Public defenders office and informed them of the attempted sexual assualt. Also on the 14th of November, 2022, I approached Lieutenent Kinder as he was making his rounds through the dorm and confronted him about trying to cover up the attempted sexual assualt and the sexual harassment. Lieutenent Kinder informed me that since I was back on the compound that I should be satisfied and to leave it alone. This was heard by other inmates satnding around waiting to talk to Lieutenent Kinder and the Associate Warden. ( see attached exhibit D ).

Since the initial incident occurred the institutional SIA Lieutenant and the other administrative officials have been constantly trying to cover up the incident by not reporting it or filing the requested criminal complaint with the government as was first requested by the Plaintiff. The SIA Lieutenent, and the Psychologist has repeatedly refused to report the incident to the office of the Inspector General at the Department of Justice. Also the Plaintiff request to be transfered for his own safety has been repeatedly ignored by the institutional administration.

13 (d)

Claim two continued
    Supporting facts continued

within the institutional chapel. The chapel clerks where instructed
to not provide us with any religious materials by the Chaplains
assistant secretary, Ms. A. Smith. This occured as a result of the
2241 that was filed concerning the psychologist Ms. Arguellues and
SIA Lieutenent Kinder and the failure of the institutional staff
to report the attempted sexual assualt and sexual harassment by
Officer Ice.
    Then on the date of January, 31, 2023, while the Plaintiff
was on the recreation yard. Ms. A. Smith, conducted an alledged
cell search of the Plaintiffs cell in housing unit BA on the false
pretense that the Plaintiff had cut the cord on an institution t.v.
set within the chapel. When no cord was found, eye witnesses to
the incident reported that Ms. A. Smith pulled some religious items
from her coat pocket an stated that she recovered these items from
the Plaintiff's locker, after which Ms. A. Smith wrote the Plaintiff
a disciplinary report for stealing. The eye witnesses to the
incident wrote sworn affidavits attesting to the fact that Ms. A.
Smith lied on the Plaintiff in order to help the accused officer
become a counselor within BA unit. It was further noted that the
actions of Ms. A. Smith was done in retaliation for reporting the
attempted sexual assualt against institutional staff. ( see attached
exhibit      ). Since that time there has been constant threats
and forms of retaliation by Ms. A. Smith against the Plaintiff
concerning the denial of his constitutional rights to practice his
religious beliefs in violation of the Plaintiff's constitutional
rights under the First Amendment and pursuant to the Religious
Freedom Restoration Act § 2000, and the Bureau of Prisons Policy
Statement. As of this date the Plaintiff is banned from practicing
his religious beliefs and practices within the institution and
all religious materials were destroyed by staff members at the
instructions of Ms. A. Smith and SIA Lieutenent Kinder and the
Warden of the institution, Warden R. Brown.

14 (a)

CLAIM 5: _____

Supporting Facts: _____

## VI. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the
exact nature of your damages.

## VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make
no legal arguments. Cite no cases or statutes.*

The Plaintiff asks this honorable court for criminal charges to
be filed against the named officers, and the award of $ 300,000.00
for punitive damages for the retaliation and the campaign of
harassment that was inflicted upon the Plaintiff by officers
and administration officials. Which was committed with evil
intent towards the Plaintiff. And the sum of $ 2,000,000.00 for
the denial of my rights to practice my religious beliefs and the
destruction of my religious property.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at <u>F.C.I. Gilmer</u>        on <u>April, 22, 2023</u>     .
(Location)                        (Date)


(Your Signature)

---