Attachment A

FILED

FEB 28 2024

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS JAMES JOHNSON

Reg. No. 10297-018

*Your full name*

**FEDERAL CIVIL RIGHTS**
**COMPLAINT**
**(*BIVENS* ACTION)**

v.

Civil Action No.: 3:23cv110
*(To be assigned by the Clerk of Court)*

SIA LT. KINDER, MS. ARGUELLUES,

MS. A. SMITH, OFFICER ICE,

MR. CLEM, OFFICER TENNEY

*Enter above the full name of defendant(s) in this action*

### I.      JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

### II.      PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

> A.      Name of Plaintiff: Dennis J. Johnson   Inmate No.: 10297-018
> Address: F.C.I. Gilmer, P.O. box 6000, 201 F.C.I. Lane,
> Glenville, West Virginia, 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

---

**Attachment A**

B.    Name of Defendant: <u>SIA Lieutenent Kinder</u>
       Position: <u>SIA Lieutenent</u>
       Place of Employment: <u>Federal Correctional Institution Gilmer</u>
       Address: <u>P.O. Box 6000, Glenville, West Virginia, 26351</u>

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: <u>Lieutenent Kinder was in charge of investigating the attempted sexual assualt and sexual harassment and reporting the incident to the central office of the Bureau of Prisons and the Department of Justice for criminal charges, he never filed the report to either office.</u>

B.1    Name of Defendant: <u>Ms. Arguellues</u>
       Position: <u>Assistant Psychologist</u>
       Place of Employment: <u>Federal Correctional Institution Gilmer</u>
       Address: <u>P.O. box 6000, Glenville, West Virginia, 26351</u>

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: <u>Ms. Arguellues was also responsible for reporting the attempted sexual assualt and sexual harassment to the appropriate authorities in the central office of the BOP and the Department of Justice and failed to do so and tried covering up the incident along with Lieutenent Kinder.</u>

B.2    Name of Defendant: <u>Ms. A. Smith</u>
       Position: <u>Secretary to the Chaplain / B unit secretary</u>
       Place of Employment: <u>Federal Correctional Institution Gilmer</u>
       Address: <u>P.O. box 6000, Glenville, West Virginia, 26351</u>

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Denied the Plaintiff the right to practice his religious practices within the chapel and the institution in retaliation for reporting Officer Ice for attempted sexual assualt and sexual harassment and the destruction of religious materials.

B.3    Name of Defendant: Officer Ice
Position: Senior Officer Specialist
Place of Employment: Federal Correctional Institution Gilmer
Address: P.O. box 6000, Glenville, West Virginia, 26351

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: Officer Ice was the acting dorm officer at the time of the attempted sexual assualt and sexual harassment that occured during the lock down of the institution for administration reasons. Officer Ice destroyed the religious property in retaliation against the Plaintiff for not complying with his order to participate in sexual acts .

B.4    Name of Defendant: Mr. Clem
Position: C-Dorm Unit Manager
Place of Employment: Federal Correctional Institution Gilmer
Address: P.O. box 6000, Glenville, West Virginia, 26351

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: In retaliation for the civil complaint filed against staff members, Mr. Clem destroyed the Plaintiff's religious shrine and religious property and threatened the Plaintiff with disciplinary actions for practicing the observance of his faith, and changed the Plaintiff's religious belief from that of Ethiopian to that of Pagan to deny the Plaintiff the right to practice his religious beliefs.

B.5   Name of Defendant: Officer Tenney
      Position:   Senior Staff Officer
      Place of Employment: Federal Correctional Institution Gilmer
      Address: P.O. box 6000, Glenville, West Virginia, 26351

      _____

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?      ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: Officer Tenney was the
      assigned dorm officer when he destroyed the Plaintiff's
      religious shrine and property and informed the Plaintiff
      that he did not have the right to speak to the operations
      lieutenent about the violation and the denial of his
      constitutional rights.

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution:  Federal Correctional Institution Gilmer

      A.    Is this where the events concerning your complaint took place?
                  ☑ Yes        ☐ No

            If you answered "NO," where did the events occur?

            _____

      B.    Is there a prisoner grievance procedure in the institution
            where the events occurred?        ☑ Yes        ☐ No

      C.    Did you file a grievance concerning the facts relating to this complaint in the
            prisoner grievance procedure?
                  ☐ Yes        ☑ No

      D.    If your answer is "NO," explain why not: There is no administrative
            grievance procedures in the program statement for sexual
            assualt. All complaints must be filed by e-mail to the
            Department of Justice, Office of the Inspector General

      E.    If your answer is "YES," identify the administrative grievance procedure
            number(s) in which the claims raised in this complaint were addressed

**Attachment A**

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _____

LEVEL 2 _____

LEVEL 3 _____

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☑ Yes        ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a  separate  piece  of  paper  which  you  should  attach  and  label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): Dennis J. Johnson _____

Defendant(s): Warden R. Brown _____

2.   Court: U.S. District Court, N.D. W.V., Wheeling, W.V.
*(If federal court, name the district; if state court, name the county)*

3.   Case Number: 5:23-cv-26 _____

4.   Basic Claim Made/Issues Raised: cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution / attempted sexual assualt, sexual harassment by correctional officer

5.   Name of Judge(s) to whom case was assigned: The Honorable Judge Bailey / Magistrate Judge, Hon. James P. Mazzone

6.   Disposition: Dismissed without prejudice _____
*(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing  lawsuit: January 27, 2023.

8.    Approximate date of disposition. Attach Copies: <u>March 22, 2023</u>

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

☑ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought. The Plaintiff filed an electronic e-mail to the Department of Justice, Office of the Inspector General on the dates of November 12th, and 13th of 2022, as required by Bureau of Prisons Program Statement requesting an investigation and requesting that charges be filed against the Officers. There was no response from the Inspector General Office.

E.    Did you exhaust available administrative remedies?

☑ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted. In accordance with the BOP Policy Statement, the Plaintiff sent an electronic e-mail to the Department of Justice, Office of the Inspector General on the date of November 12, 13, of 2022. There has been no response from the Deaprtment of Justice or the office of the Inspector General concerning this matter.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Attachment A

Plaintiff(s):  Dennis J. Johnson

Defendant(s): Orange County Jail

2.    Name and location of court and case number: United States District Court, Orlando Division / Case No. 6:11-cv-1973

3.    Grounds for dismissal:    ☐ frivolous    ☐ malicious
      ☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: December 13, 2011

5.    Approximate date of disposition: August of 2013

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)*

CLAIM 1: The Defendant's violated the Plaintiff's Eighth and Fourteenth amendment rights by subjecting the Plaintiff to sexual harassment and attempted sexual assulat by correctional officers and by covering up the incident and not reporting it to the Department of Justice, Office of the Inspector General as governed by ( PREA )

Supporting Facts: On the date of September 28, 2022, while being housed in unit BA, cell 112. I was approached by Officer Ice who was working as the dorm officer during the institution lockdown. When he first approached the cell that I was occupying with my cell mate, inmate Quintin Davis. Officer

Attachment A

Ice said that he smelled smoke coming from one of the cells. He ( Officer Ice ) pulled both me and my cell mate out of the cell in order to search the cell for anything burning or that was afire. After not finding anything , Officer Ice

CLAIM 2: Violation of my First Amendment rights to freedom of religion and the exercise of my religion in retaliation for reporting the attempted sexual assualt by Officer Ice and the destruction of my religious property.

Supporting Facts: On the date of January 10, 2023, while attending religious service within the institutional chapel. The Chaplains assistant and secretary Ms. A. Smith, called me outside of the room in which we were conducting services and instructed me that I and the other inmates could no longer conduct religious services within the institutional chapel. The chapel clerks

CLAIM 3: violation of my Eighth amendment rights to be free from cruel and unusual punsihment and retaliation from institutional staff for the exercise of my constitutional rights to due process of law and the redress of arbitrary and capricious government actions.

Supporting Facts: On the date of January 31, 2023, the Chaplains assistant and secretary went to unit BA to do an alledged search of my cell for a television cord that was cut off one of the chaplains television set which had alledgedly occurred on the date of the 28th of January 2023. Before

CLAIM 4: Violation of my First amendment rights to the freedom of religion and the exercise of my religious beliefs and practices.

Supporting Facts: On the date of July 19, 2023, I was moved to unite CA due to the presence of Officer Ice becoming the new

Section G continued

1. parties to previous law suit:
   Plaintiff (s): DENNIS J. JOHNSON
   Defendant (s): BOARD OF DIRECTORS, Federal Prisons
              Industries, Inc.

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-145

3. The case was voluntarily dismissed by the Plaintiff

4. Approximate date of filing lawsuit: December, 12, 2017

5. Approximate date of disposition: March of 2018


1. Parties to previous lawsuit:
   Plaintiff (s): DENNIS J. JOHNSON
   Defendant (s): UNITED STATES OF AMERICA

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case number 2:16-cv-22

3, the case was voluntarily dismissed by Plaintiff

4, Approximate date of filing: Feb. 18, 2016

5. Approximate date of disposition:  Nov. 2016


1. Parties to previous lawsuit:
   Plaintiff (s): DENNIS J. JOHNSON
   Defendant (s): SHAUN STANLEY

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-91

3. dismissed without prejudice for failure to amend complaint

4. Approximate date of filing: August, 2, 2017

5. Approximate date of disposition:

12 (a)

CLAIM one continued
            Supporting facts continued
ordered us back into the cell. This incident occured between the time of 5:23 and 6:39 pm in the afternoon. During the search by Officer Ice of the cell, Officer Tucker and a female officer came into the dorm to observe what was going on. Officer Ticker then informed Officer Ice that all cell doors were to remain closed due to the lockdown procedures. Officer Ice stated that he could do what he wanted and that he knew the rules. After this conversation Officer Tucker and the female officer left the unit. It was then that Officer Ice made reference to the religious shrine that was in my cell that belonged to me. After being in the cell for a brief period of time, Officer Ice took some small items and left the cell after we had returned within the cell. After a brief period of time Officer Ice returned to the cell to look through the glass window of the cell door. At this time I was standing in front of the toilet using the restroom. While I was standing in front of the toilet with my pants open, Officer Ice then made sexual comments towards me concerning engaging in sexual acts. I then told Officer Ice that I did not play sex games and to leave me alone. I then went back to my bunk and sat down to finish my legal work. Officer Ice then proceeded to walk back and forth in front of the cell looking into the cell and instructing my cell mate to move out of his view so that he could watch me through the window of the door. While watching me, he ( Officer Ice ) was making comments and suggesstions about performing oral sex acts trying to get my attention. This went on for a period of about thirty minutes or more. When I wouldn't engage in any conversation with Officer Ice. He again opened the cell door and instructed both me and my cell mate, Quintin Davis to exit the cell. When I was walking past him going out the door he, ( Officer Ice ) instructed me to go to the back where the Officers restroom was located. I instead went and sat down at the table in the day area. Officer Ice then proceeded to destroy my religious shrine and all my religious materials as a form of retaliation for me not talking to him about the sex acts and for me not going to the back restroom when he asked me to do so. At this time another inmate in the unit asked both me and Quintin Davis what was going on and why where we being harassed. I then explained to the unit what was going on and what the problem was all about. I then instructed Officer Ice that I was not going to let him perform oral sex on me and to call the Lieutenents office. After searching the cell and destroying my religious property, Officer Ice then called the duty Lieutenent to the dorm. When Lieutenent Hacker and Officer Currence came into the unit, he asked which inmate wanted to talk to him. That is when the other inmates in the unit instructed him that inmate Johnson was the one who re requested to see him. At which time Officer Ice brought the Lieu Lieutenent to my cell door. When the Lieutenent came to the cell door he asked me what was going on. I then informed Lieutenent Hacker of the sexual proposition made by

13 (@)

Claim one continued
       Supporting facts continued:

Officer Ice and about the harassment and the destruction of my religious property because I would not do what he asked me to do concerning the sexual acts and by not going to the back room. I then informed the Lieutenent that I wanted to press charges against Officer Ice for attempted sexual assualt and for sexual harassment and religious discrimination and the destruction of my religious property. Lieutenent Hacker instructed me to step outside the unit to discuss what was going on. Upon going outside, Lieutenent Hacker asked me again if I wanted to press charges against the Officer, I informed him that I did want to press charges against the officer for what he was trying to force me to do against my will. Lieutenent Hacker then instructed Officer Currence to escort me to the Lieutenents office. Upon reaching the Lieutenents office, I was instructed to sit on the bench and wait for the SIS technican, Mr. Boatwright to come and talk to me about what was going on. When Mr. Boatwright came outside of the Lieutenents office he asked me what was the problem and exactly happened in the unit. I then informed him about the sexual propositions and the sexual comments made by Officer Ice and what transpired after that when I tried to ignore the comments and suggesstions. I then informed Mr. Boatwright to go look at the camaras and that he would see the incident as it happened. He asked me then if I was sure that I wanted to press charges against the officer, I again informed him that yes I did. Mr. Boatwright then informed me that I would be placed in administrative confinement pending an investigation. I informed him that I didn't care what happened and that I wanted to press charges against the officer. At this time he instructed Officer Currence to escort me to the confinement unit. This occured between the time of 7:18 and 8:45 pm.
       On the date of September, 29, 2022, between the time of 7:30 and 8:20 am, I was called to come down to the Lieutenents office that is within the confinement unit for an interview with the SIA Lieutenent, Mr. Kinder and to see Lieutenent Jarrett about the events of the night before. When I entered the Lieutenents office, Lieutenent Kinder informed me that he was there to perform the initial investigation into the sexual or attempted sexual assualt that took place, and that he would speak to me after Lieutenent Jarrettt finished with me. It was then that Lieutenent Jarrett informed me that a disciplinary report was written by Officer Ice after I requested to press charges against him for attempted sexual assualt. At which time he began to read to mewhat was written by Officer Ice. He then asked me what happened and was there any witnesses to the incident at which time I gave him the names of the inmates that heard and saw the whole incident. When he finished talking to me about the disciplinary report, Lieutenent Kinder the SIA officer spoke to me about what occured. It was during this conversation that Lieutenent Kinder informed me that first and foremost in his opinion that the benifit of the doubt was in favor of the officer and that I was facing an uphill struggle but

13 (b)

Claim one continued

Supporting facts continued

that he would have to do the investigation anyway. Lieutenent Kinder asked me what had happened and I informed him of the false pretense that was used by Officer Ice to first come into the cell that was the lie about smelling smoke. I also informed him that when Officer Ice first came into the cell that I was asleep in my bunk and that my cell mate was standing by the door watching the t.v. and that it was Officer Ice that had awaken me from the very start. I informed Lieutenent Kinder of the nature of the comments made by Officer Ice and how I personally felt about the whole situation. I also expressed to Lieutenent Kinder that I wanted to press charges against the officer. Lieutenent Kinder unformed me that he would see it through to the Department of Justice. After this conversation with Lieutenent Kinder, the medical assistant came into the room and asked me questions about the incident and wether or not had I sustained any injuries, after the examination the medical assistant left the room. The next person to enter the room was the Psychologist Ms. Arguellues to ask me questions about the incident. When I was being questioned by the psychologist about the incident, Lieutenent Kinder remained in the room and from time to time he and the psychologist would ask me questions at the same time as a way of trying to confuse me or trying to get me to lie about the events of what happened. After repeatedly failing to get me confused or to lie about the events of what transpired, I was then informed by Lieutenent Kinder that I would be transfered as soon as possible to avoid efforts at retaliation from other officers. After this conversation I was returned to my cell. On the date of October, 28, 2022, I wrote a cop out to SIA Lieutenent Kinder about the lack of an investigation and for failing to write a complaint as he had promised, as the officer that committed the attempted sexual assualt was never questioned and the witnesses where never questioned about the incident. It was also about this time that I was receiving threats from other officers about reporting Officer Ice for the attempted sexual assualt. I did not receive an answer from the cop out that I had written to Lieutenent Kinder earlier on the 28th of October. However, on November, 7, 2022, the confinement Lieutenent, Mr. Adtkins came to my cell and instructed me that he was ordered to send me back to the compound and that since the disciplinary report that was written was expunged by the DHO officer, that there was no reason to transfer me and that if I did not go back to the compound that I would be given another disciplinary report every time I refused to go to the compound. I asked Lieutenent Adtkins if I could  speak with the SIA Lieutenent Kinder, Lieutenent Adtkins informed me that it was Lieutenent Kinder that told him to place me back on the compound. When I refused to return to the compound, I was given another disciplinary report. I then informed Lieutenent Adtkins about the problem and was told that there was no investigation and that there wasn't going to be a criminal complaint written on the matter and to leave the matter alone and return back to the compound. On the date of November, 7, 2022, I wrote

13 (c)

Claim one continued

Supporting facts continued

another cop out to the SIA Lieutenent Kinder about the problem and the necessary steps that I was being forced to take to insure my safety and the other inmates that heard what was being said and that was aware of the situation, including the conversation between Lieutenent Adtkins and myself wrote affidavits as to the nature of the conversation and as to what happened. ( see exhibits C1-C5 ).

On the date of November 8 , 2022 , I was forced to go back to the compound by the SIA Lieutenent Kinder and Lieutenent Adtkins. On the date of November, 12, 2022, and the 13th of November, of 2022, I wrote and incident report through the institutional e-mail to the Department of Justice in order to file a PREA report as required by the Bureau of Priosns Program Statement since there is no grievance procedures in place within the Bureau of Prisons for sexual assualt complaints. Since filing the two complaints on the institutional computer to the Department of Justice there has been no response concerning the complaints from the Department of Justice.

On the 14th of November I contacted my attorney within the Federal Public defenders office and informed them of the attempted sexual assualt. Also on the 14th of November, 2022 I approached Lieutenent Kinder as he was making his rounds through the dorm and confronted him about trying to cover up the attempted sexual assualt and the sexual harassment. Lieutenent Kinder informed me that since I was back on the compound that I should be satisfied and to leave it alone. This was heard by other inmates satnding around waiting to talk to Lieutenent Kinder and the Associate Warden. ( see attached exhibit D ).

Since the initial incident occurred the institutional SIA Lieutenent and the other administrative officials have been constantly trying to cover up the incident by not reporting it or filing the requested criminal complaint with the government as was first requested by the Plaintiff. The SIA Lieutenent, and the Psychologist has repeatedly refused to report the incident to the office of the Inspector General at the Department of Justice. Also the Plaintiff request to be transfered for his own safety has been repeatedly ignored by the institutional administration.

13 (d)

Claim two continued
        Supporting facts continued

where instructed to not provide us with any religious materials by
the Chaplainss assistant, Ms. A. Smith. This occured as a result
of the 2241 that was filed concerning the Psychologist Ms. Arguellues
and SIA Lieutenent Kinder and the failure of the institutional
satff to report the attempted sexual assualt and the sexual harassment
by Officer Ice.

14 (a)

Claim three continued
        Supporting facts continued

walking to unit BA, the chaplains secretary called the unit to ascertain the whereabouts of the Plaintiff. When it was discovered that the Plaintiff was on the recreation yard. The Chaplains secretary went to the unit to conduct the alledged search of the Plaintiffs property on the false pretense of looking for the cord that was cut from the television set in the chapel. When no cord was found within the Plaintiffs personal property or within the Plaintiffs cell. Eyewitnesses to the search saw the chaplains secretary take religious items from her coat pocket. Upon taking these items from her coat pocket, the chaplains secretary stated that these items where found in the Plaintiffs locker for which she wrote the Plaintiff a disciplinary report for and charged the Plaintiff with stealing. Upon entering the dorm from the recreation yard the Plaintiff was informed of what had occured by inmates that witnessed the incident. The Plaitiff went to the office of the operations lieutenent concerning the efforts of retaliation by Ms. A. Smith. The lieutenent informed the Plaintiff that there was nothing he could do about it since the chaplains secretary was in his cell looking for a cord that was cut from the chapel t.v.

The Plaintiff informed the Lieutenent that he was not in the chapel during that incident and that he had not been in the chapel since Ms. A. Smith informed him that he could not oractice his faith anymore within the institution. The eyewitnesses to the incident wrote sworn affidavits concerning the events that occured as the actions of Ms. A. Smith was the result of the complaint that was filed by the Plaintiff concerning the attempted sexual assualt by Officer Ice, and the fact that Officer Ice was to become the new unit counselor. The actions of Ms. A. Smith was done to get the Plaintiff placed in administrative confinement so that Officer Ice could become the new unit counselor and so that she could become the new unit secretary for BA unit.

14 (b)

Claim four continued

Supporting facts continued

unit counselor for unit BA and Ms. A. Smith becoming the new unit secretary and the civil complaint that was filed by the Plaintiff. On the date of July 26, 2023, during the time between 8:30 am and 9:48 am, the unit manager Mr.Clem performed a cell inspection of the unit. Upon entering the cell of the Plaintiff, the unit manager saw the religious shrine on the floor of the cell. On the religious shrine was the food offerings that was placed there by the Plaintiff as part of his religious practices and beliefs. Upon seeing the religious shrine and the religious offerings, the unit manager called the officer of the dorm and destroyed the religious shrine along with the religious materials and other items that where of a religious nature that was on the shrine.

When the Plaintiff returned to the unit at about 10:15 am. The Plaintiff was informed by his cell mate and other inmates that the unit manager had destroyed his shrine and other religious items. The Plaintiff approached the unit manager about the problem and informed him that he had permission for the shrine from the Warden and the Warden's assistant Mr. Watson. Mr. Clem informed the Plaintiff that he didn't care who gave him permission for a shrine and that the BOP policy stated that the shrine had to be in a locker on a shelf. Mr. Clem also informed the Plaintiff that if he found a shrine in the Plaintiff's cell again or on the floor of his cell that he would write him a disciplinary report for every time he saw it and that the Plaintiff could not practice his faith in the unit. The Plaintiff asked the unit manager Mr. Clem if the Warden of the institution and the Warden's assistant lied about him being able to practice his faith. Mr. Clem informed the Plaintiff that if anyone told him that he could practice his faith then he was a liar. Mr. Clem further informed the Plaintiff that his religious beliefs was Pagan and that he could not practice his faith. Mr. Clem then stated that it was changed from the Ethiopian faith. Mr. Clem then informed me that he was Rastafarian and that he could smoke dope when ever he please. But that I could not practice my faith or the tenents of my faith.

During the noon mael I informed the Wardens assistant about the problem and he informed me that my faith had not been changed to that of Pagan and that the individual that did that was wrong for what he had done. I informed the Wardens assistant that what was done was an act of retaliation and that I would seek redress for the destruction of my religious shrine and property to which he informed me that it was my constitutional rights that were violated and that he would do the same

14a(c)

**Attachment A**

CLAIM 5: _Violation of my Eighth amendment rights to be free from cruel and unusual punishment and retaliation for the exercise of a constitutional right to due process of law and redress for arbitrary and capricous government actions and sexual harassment and attempted sexual assualt_

Supporting Facts: _The actions of the unit manager that occured on the 26th of July of 2023, was the result of retaliation for the civil complaint that was filed concerning the attempted sexual assualt and the sexual harassment that was committed by Officer Ice, and the attempts by the SIA Lt._

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. _Make no legal arguments. Cite no cases or statutes._ The Plaintiff asks this honorable court for criminal charges to be filed against the named Officers involved in the attempted sexual assualt and the sexual harassment incident and the attempt to cover up the incident. The Plaintiff also asks the court to award the Plaintiff $ 300,000.00 for punitive damages for each Officer that was involved. The Plaintiff asks this court to award the Plaintiff $ 2,500,000,00 for the violation of his First Amendment rights and the violation of his Eighth amendment rights as punitive damages for the campaign of harassment and retaliation that was inflicted upon the Plaintiff by the Defendants which was committed with evil intent, this sum is for each Defendant seperately in their official capacity.

Claim five continued

      Supporting facts continued

Kinder and the Psychologist Ms. Arguellues to cover up the actions
of Officer Ice by not reporting the incident. The institutional
administration was made aware of what occured when the Plaintiff
filed the initial complaint in January of 2023, in the District
Court for the Northern District of West Virginia, Wheeling
Division. Since that initial filing there has been an ongoing
campaign of harassment and retaliation against the Plaintiff by
individual staff members. Most notably directed towards the
Plaintiffs  religious practices as this was initially done by
Officer Ice when the Plaintiff refused the sexual advances of
Officer Ice in September of 2022. Mr. Clem was aware of the civil
complaint that was filed by the Plaintiff concerning these issues
that are now pending before the court. By stating that the
Plaintiffs religious beliefs had been changed to Pagan from that
of the Ethiopian faith provided the basis for the opportunity
to retaliate against the Plaintiff for exercising his rights in
reporting the actions of Officer Ice and the other institutional
staff involved in the initial incident that violated the Plaintiffs
constitutional rights under the Eighth amendment.

15 (a)

CLAIM 6: Violation of my First amendment rights to freedom of religion and the right to practice my religious beliefs and practices in accordance with the tenents of my faith.

Supporting Facts: On the date of August 5, 2023, at 11:45 am Officer Tenney spoke to me as I was going out the door of the unit for the afternoon recreation call. After replying to the statements made by Officer Tenney I continued out to the recreation yard. Between the time of 1:45 and 2: 30 pm there was an institutional recall due to an incident that occured in unit BA. Upon entering the dorm I went to my cell and was awaiting Officer Tenney to open the cell door. When I reached the cell another inmate came to me and informed me that Officer Tenney had in fact searched my cell and destroyed the religious shrine that was in my cell by pouring water over the shrine and the religious materials that where placed on the shrine. I was also informed that it was Officer Tenney that tried to cover it up by throwing a sheet over the shrine to hide the damage that was done. Upon seeing the damage that was done I called another inmate over to witness the damage that was done. After seeing what had happened the inmate informed me that he witnessed Officer Tenney going into my cell and then running out of the cell smiling to himself. At this time Officer Tenney had approached my cell I asked him had happened to my shrine in the cell. Officer Tenney admitted that he had done as the other inmates had already informed me and that there should not be a religious shrine in the cell. When I asked to speak to the operations Lieutenent, Officer Tenney informed me that I could not speak to the Lieutenent. I informed him that I had a right to speak to the Lieutenent concerning a violation of my constitutional rights. Officer Tenney informed me that I had no rights and locked the cell door and left the teir.
Later when Officer Tenney was walking around the unit I called him to the cell. Again I asked to speak to the operation lieutenent concerning the destruction of my religious shrine and religious property. I also informed Officer Tenney that what he had done was in violation of my constitutional rights. Officer Tenney then stated to me that " you people don't have any rights." And that your in jail and still don't have any rights ". At this time Officer Tenney walked away saying racial slurs and other comments.

CLAIM 7: Violation of my Eighth amendment rights to be free from cruel and unusual punishment and retaliation for the exercise of my constitutional rights to due process of law and to redress for arbitrary and capricious actions and sexual harassment and attempted sexual assualt.

Supporting Facts: Officer Tenney was retaliating against me for the civil complaint that was filed against SIA LT. Kinder and the other administrative staff that was directly involved in the incident involving Officer Ice. The institutional staff was made aware of the civil complaint and the nature of the remedy that was being sought within the complaint. Since the initial filing of the complaint there has been a campaign of harassment and retaliation against the Plaintiff by individual institutional staff members in an attempt to pressure the Plaintiff into withdrawing his complaint. Officer Tenneys action was a result of the efforts of retaliation that has constantly been happening since that initial complaint was filed by the Plaintiff.

15 (c)

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed at _F. C. I. Gilmer_ on _February 21, 2024_
　　　　　　　(Location)　　　　　　　　　　(Date)


_Dennis G. Gahnsan_
Your Signature

---

*United States District Court*　　　　　16　　　　*Northern District of West Virginia-2013*