Attachment A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA** FILED

APR 0 1 2024

U.S. DISTRICT COURT- NDWV
MARTINSBURG, WV 25401

DENNIS JAMES JOHNSON

Reg. No. # 10297-018
*Your full name*

**FEDERAL CIVIL RIGHTS**
**COMPLAINT**
(***BIVENS* ACTION**)

v.

CHAPLAIN HONG

LIEUTENENT BONNELL

OFFICER ICE

Civil Action No.: ___3:23cv110___
*(To be assigned by the Clerk of Court)*

_____
*Enter above the full name of defendant(s) in this action*


I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.


II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff:Dennis J. Johnson    Inmate No.: 10297-018
Address: F.C.I. Gilmer / P.O. box 6000 / Glenville, West Virginia, 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B. Name of Defendant: __Chaplain Hong__
  Position: _____Institutional Chaplain_____
  Place of Employment: __F.C.I. Gilmer_____
  Address: __P.O. box 6000 / 201 F.C.I. Lane , Glenville,_
  _____West Virginia, 26351_____

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred? ☑ Yes  ☐ No

If your answer is "YES," briefly explain: __The Defendant was acting
__as the institutional chaplain over seeing the religious_
__practices of the inmate population when the violation__
__of the Plaintiff's constitutional rights occurred.___

B.1 Name of Defendant: __Lieutenent Bonnell_____
  Position: __Duty Lieutenent_____
  Place of Employment: __F.C.I. Gilmer_____
  Address: __P.O. box 6000 / 201 F.C.I. Lane / Glenville,_
  _West Virginia, 26351_____

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred? ☑ Yes  ☐ No

If your answer is "YES," briefly explain: __The defendant was the
__duty Lieutenent on the night the act of retaliation in_
__violation of the Plaintiff's Eighth amendment rights_
_occured and the Defendant was the Officer in charge who_
__placed the Plaintiff in confinement for exercising his_
 __constitutional right.___

B.2 Name of Defendant: __Officer Ice_____
  Position: _senior Officer_____
  Place of Employment: _F.C.I. Gilmer_____
  Address: __P.O. box 6000 / 201 F.C.I. Lane / Glenville,_
  _West Virginia, 26351_____

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred? ☑ Yes  ☐ No

**Attachment A**

If your answer is "YES," briefly explain: The Defendant was acting as the Senior Officer and the unit dorm officer and used his official position to retaliate against the Plaintiff for filing the attempted sexual assualt complaint against him in August of 2023.

B.3   Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____
_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   □ Yes      □ No

If your answer is "YES," briefly explain: _____
_____
_____
_____
_____

B.4   Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____
_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   □ Yes      □ No

If your answer is "YES," briefly explain: _____
_____
_____
_____
_____

03/20/2024

Attachment A

B.5   Name of Defendant: _____
      Position: _____
      Place of Employment: _____
      Address: _____
      _____

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☐ Yes       ☐ No

      If your answer is "YES," briefly explain: _____
      _____
      _____
      _____
      _____

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: ___F.C.I. Gilmer_____

A.    Is this where the events concerning your complaint took place?
          ☑ Yes       ☐ No

      If you answered "NO," where did the events occur?
                    ___N/A_____

B.    Is there a prisoner grievance procedure in the institution
      where the events occurred?    ☑ Yes       ☐ No

C.    Did you file a grievance concerning the facts relating to this complaint in the
      prisoner grievance procedure?
          ☑ Yes       ☐ No

D.    If your answer is "NO," explain why not: _The initial complaint/
      act that was reported by the Plaintiff is not included in
      the BOP Program Statement for adminiistrative remedies
       and must be filed with the Office of the Inspector
      General to which the Plaintiff did file a complaint to.

E.    If your answer is "YES," identify the administrative grievance procedure
      number(s) in which the claims raised in this complaint were addressed

---

03/20/2024

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 ___N/A_____

LEVEL 2 ___N/A_____

LEVEL 3 ___N/A_____

## IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?          ☑ Yes       ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s):___Dennis J. Johnson_____

Defendant(s):___Warden R. Brown_____

2.   Court: _U.S. District Court, N.D.W.V. Wheeling, W.V._
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number:___5:23-CV -26_____

4.   Basic Claim Made/Issues Raised: _Cruel and unusual_ _punishment in violation of the Eighth amendment of_ _the U.S. Constitution / attempted sexual assualt,_ _sexual harassment by correctional officer_

5.   Name of Judge(s) to whom case was assigned: The Honorable Judge Bailey / Magistrate Judge, James P. Mazzone

6.   Disposition: _Dismissed without prejudice_____
     *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: _January 27, 2023_____

---

03/20/2024

8.    Approximate date of disposition. Attach Copies: March 22, 2023

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☑ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. The Plaintiff filed an electronic e-mail to the Department of Justice, Office of the Inspector General on the date of November 12/13 of 2022 as required by Bureau of Prisons Program Statement requesting an investigation and requesting that charges be filed against the officers. There was no response from the Inspector Generals Office.

E.    Did you exhaust available administrative remedies?
☑ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. In accordance with the BoP Policy Statement, the Plaintiff sent an electronic e-mail to the Department of Justice office of the Inspector General on the dates of November 12th and 13th of 2022. There has been no response from the Department of Justice or the Inspector Generals office concerning the matter.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

03/20/2024

**Attachment A**

Plaintiff(s): DENNIS J. JOHNSON

Defendant(s): ORANGE COUNTY JAIL

2.    Name and location of court and case number:
United States District Court, Orlando Division /
Case no. 6:11-cv-1973

3.    Grounds for dismissal:    ☐ frivolous    ☐ malicious
☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: December of 2011

5.    Approximate date of disposition: August of 2013

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case. Describe what <u>each</u> defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)*

CLAIM 1: The Defendant, Chaplain Hong violated the Plaintiff's religious rights under the Religious Freedom Restoration Act pursuant to 42 U.S.C. §2000bb, and the First Amendment of the U.S. constitution



Supporting Facts: In the month of May of 2023, I spoke with the Warden's executive Assistance, Mr. T. Watson concerning the actions of the chaplains secretary Mrs. A. Smith and the denial of the right to practice the tenents of my faith that

03/20/2024

Section G continued

1. parties to previous law suit:
       Plaintiff (s): DENNIS J. JOHNSON
       Defendant (s): BOARD OF DIRECTORS, Federal Prisons
                      Industries, Inc.

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-145

3. The case was voluntarily dismissed by the Plaintiff

4. Approximate date of filing lawsuit: December, 12, 2017

5. Approximate date of disposition: March of 2018


1. Parties to previous lawsuit:
       Plaintiff (s): DENNIS J. JOHNSON
       Defendant (s): UNITED STATES OF AMERICA

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case number 2:16-cv-22

3, the case was voluntarily dismissed by Plaintiff

4, Approximate date of filing: Feb. 18, 2016

5. Approximate date of disposition:  Nov. 2016


1. Parties to previous lawsuit:
       Plaintiff (s): DENNIS J. JOHNSON
       Defendant (s): SHAUN STANLEY

2. Name and location of court and case number: United States
   District Court, Southern District of Georgia, Brunswick
   Division / Case no. 2:17-cv-91

3. dismissed without prejudice for failure to amend complaint

4. Approximate date of filing: August, 2, 2017

5. Approximate date of disposition:

12 (a)

was done in retaliation for filing a civil complaint against officers of the institution. I gave Mr. Watson a copy of the Central office response that gave me the authorization to practice my faith and Mr. Watson informed me that he would speak to Chaplain

CLAIM 2: Chaplain Hong violated the Plaintiff's constitutional rights under the Eighth Amendment of the U.S. Constitution by acts of retaliation against the Plaintiff for filing the civil complaint against institutional staff members.

Supporting Facts: After Mr. Watson spoke to Chaplain Hong about my religious practices, I was allowed to practice the tenents of my faith as authorized by the Central office in Washington D.C. Then in the Months of August / September / October / November, after the investigation into the actions of the Defendant's was completed

CLAIM 3: The Defendant LT. Bonnell violated the Plaintiff's Eighth Amendment rights by retaliating against the Plaintiff for filing the civil complaint against Ms. A. Smith for the violation of the Plaintiff's Constitutional Rights

Supporting Facts: On the date of January 17, 2024, I spoke with the Associate Warden, Mr. Lintner concerning the denial of my rights to practice my faith and about the acts of retaliation of which was spoken about from the unit officer and other officers on the Compound as a result of being in unit B1 of which Ms. A. Smith

CLAIM 4: The Defendant Senior Officer Specialist Ice, violated my Eighth Amendment rights by retaliating against me for filing the civil complaint against him for the attempted sexual assault and the sexual harassment.

Supporting Facts: After I was moved to the confinement Housing unit by LT. Bonnell, who then had me moved to unit C1 in order to move me away from Ms. A. Smith and to place me in the area and under the authority of Officer Ice. After I was assigned to unit C1, on numerous occasions I requested to be

03/20/2024

Claim 1

Supporting facts continued: Hong about my religious practices and observances. After speaking to chaplain Hong, Mr. Watson informed me that I could return to the chapel to preform my religious services. Then in the months of August / September / October / November, after filing the amended complaint and after the investigation was completed and disciplinary actions were carried out against the defendant's including Ms. A. Smith. Chaplain Hong refused to provide the Plaintiff with any of the religious items that were needed to preform his religious services, and on numerous occassions denied the Plaintiff the right to preform services in the chapel. When the Plaintiff attends the services of the Santa Mureta inmates, the chaplain informs them that if they allow me to participate in any ceremony or ritual that they would be punished. In January of 2024, the Plaintiff informed the Associate Warden, Mr. Lintner about the problem. The Associate Warden spoke with chaplain Hong about the ongoing problem and still the Plaintiff is being denied the right to practice his religious beliefs. When the Muslims started their Ramadan fasting, chaplain Hong closed the chapel for all morning services and rescheduled them for later in the afternoons. The Plaintiff's service was never reschedaled. The chaplain informed the Plaintiff that his religious services would not be rescheduled as the other religious services where rescheduled. As of this date the Plaintiff is still being denied the right to practice his religious faith.
( see attached exhibit A )

14 (A)

Claim 2

Supporting facts continued: and disciplinary sanctions and actions was imposed on the defendant's. Chaplain Hong then refused to allow the Plaintiff the right to practice his religious beliefs or to provide the religious supplies that were needed. In the month of December of 2023. The Plaintiff requested supplies in order to preform his services. The chapel clerk informed the Plaintiff that he had to speak to chaplain Hong about religious supplies as he was instructed not to give any supplies out without the chaplains approval. When the Plaintiff spoke to chaplain Hong about the religious supplies, Chaplain Hong informed the Plaintiff that the religious supplies where accounted for and that each religious group had their supplies ordered and that there are no supplies ordered for the Plaintiff's religious services, and that the Plaintiff had to do without religious supplies. When the Plaintiff requested to know who ordered the religious supplies the chaplain refused to respond to the question. The following week on Tuesday the 19th of December of 2023, the Plaintiff was denied religious services by the chaplain. On Friday the 22nd, while attending the Hebrew Isrealite religious services the Plaintiff was informed by the chapel clerk that the reason why he cannot get the religious supplies that he needs is because Ms. A. Smith orders the religious supplies, and that she will not order supplies for the Plaintiff's services and that the chaplain is fully aware of this fact and is allowing this to happen.

14 (b)

Claim 2

Supporting facts continued: On the date of January 17, 2024, the Plaintiff informed the Associate Warden, Mr. Lintner about the problem. Mr. Lintner informed the Plaintiff to write him a request about the problem and that he would look into it. On the date of the 24th of January, 2024, the Plaintiff was able to give the request to Associate Warden, Mr. Lintner. A few days later Mr. Lintner informed the Plaintiff that he spoke to chaplain Hong about the problem and that it should stop. Since that time the Plaintiff has still not been allowed to practice his faith, and any other religious service that the Plaintiff attends is then targetted by the chaplain and the chaplain instructs the inmates of those services not to allow the Plaintiff to participate in any of the ceremonies or rituals; that if the Plaintiff does participate then the religious group will be punished. (see exhibit A)

14 (c)

Claim 3

Supporting facts continued: was the unit secretary and notary public. I was informed by the unit officer that some of the administration staff and some of the officers did not want me housed in unit B1 because of the civil complaint against Ms. A Smith, and that they would use my religious shrine and other religious material to have me moved or have me placed in administrative confinement as retaliation. I also informed the SIS Lieutenant, Mr. Adtkins about this problem. Mr. Adtkins informed me to talk to the unit team about being moved, and that he could not move me and that I would have to wait till Monday. On January 20, 2024, I was in my cell with another inmate, as we began praying and making our religious offerings the unit officer, Ms Hollingsworth, came into the cell and ordered both of us out of the cell because she wanted to shake down my religious property. Before leaving the cell, she asked me if I had a pass or a sheet of paper which authorized me to have a religious shrine in the cell. I informed her that I had permission from the central office and that the Warden and the Associate Warden was aware of the shrine in my cell and I asked her if she could call the Lieutenent's office. Ms. Hollingsworth informed me that she could not call the Lieutenent's office and to step outside the cell and close the door and don't look in the cell door window. I informed her that by the BOP Policy statement that I could watch as she was shaking down my cell. On four different occassions she closed the door

14 (d)

claim 3

Supporting facts continued: of the cell, to which I reopened the cell door and again I requested that she call the lieutenant's office and again she informed me that she could not call them. After the fourth time she instructed me to go to the lieutenant's office. When I reached the lieutenant's office I was instructed to wait outside. When I was called inside the office LT. Bonnell stated that I had a problem with female staff, and that I had a problem with Ms. A. Smith and now with Ms Hollingsworth at this time the other lieutenant that was present informed me that had he been present that he would have scrubbed my face off on the concrete floor. After this exchange I was ordered to wait outside the office, then I was placed in cuffs and escorted to administrative confinement by Lt. Bonnell. After I was placed in administrative confinement, I requested a copy of the lock up order and asked the officer who had signed it. I was informed that there was no lock up order that was signed by anyone and that I was fully aware of why I was in confinement other than what had recently happened. After I was released from confinement Lt. Bonnell had me moved to C-unit where officer lee was working.

(see attached exhibits B)

14 (c)

**Attachment A**

moved to another unit away from Officer Ice. This request was denied by the Associate Warden, Mr. Lintner, B-unit manager, Mr. Berryman, and C-unit manager Mr. Clem. After I was denied

CLAIM 5: _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

_____

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

_____

_____

_____

_____

_____

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

The Plaintiff requests that Chaplain Hong be removed from his position as the institutional chaplain and the Plaintiff also requests the sum of $2,500,000.00 for the violation of his constitutional rights. For the act of retaliation committed by Lt. Bonnell, the Plaintiff requests the sum $300,000.00 dollars and that Lt. Bonnell be removed from his position as Shift Supervisor. The Plaintiff requests an additional sum of $4,000,000.00 dollars and that criminal charges be filed against Officer Ice for the campaign of harassment and retaliation against the Plaintiff and the violation of the Plaintiff's Eighth Amendment rights

*United States District Court*          15          *Northern District of West Virginia-2013*

03/20/2024

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed at ___F.C.I. Gilmer___ on ___March 24, 2024___.
              (Location)             (Date)


_Dennis J. Johnson_
Your Signature