## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**DENNIS JAMES JOHNSON,**

       Plaintiff,

**v.**                                       **CIVIL ACTION NO.: 3:23-CV-110 (GROH)**

**OFFICER ICE,**
**CHAPLAIN HONG, and**
**LT. BONNELL,**

       Defendants.

### ORDER ADOPTING FIRST R&R, DECLINING TO ADOPT SECOND R&R, DISMISSING CERTAIN CLAIMS, DIRECTING DEFENDANTS TO ANSWER OR FILE OTHER RESPONSIVE PLEADING, AND REASSINGING CASE TO MAGISTRATE JUDGE

Now before the Court are two Report and Recommendations ("R&Rs"). ECF Nos. 47, 55. The former (the "First R&R") recommends the Plaintiff's motion for injunction [ECF No. 37] be denied. ECF No. 47. The latter (the "Second R&R") recommends this action be dismissed without prejudice. ECF No. 55. For the below reasons, the Court adopts the First R&R; declines to adopt the Second R&R; dismisses all but the Plaintiff's claim under the Religious Freedom Restoration Act; directs the Defendants to answer or file other responsive pleading; and reassigns this case to Magistrate Judge Trumble for further proceedings.

### I.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to timely file objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider

them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." <u>Elijah v. Dunbar</u>, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.    DISCUSSION

As a preliminary matter, the Court finds the magistrate judge accurately and succinctly summarizes the background of this case in the Second R&R. ECF No. 55 at 1–4. In the interest of brevity, the Court incorporates that summary herein. For ease of review, the Court notes four claims remain pending in this action: one civil rights claim under the Religious Freedom Restoration Act ("RFRA") and/or the First Amendment and three First Amendment retaliation claims. ECF No. 48 at 7–9.[1]

Objections to the R&Rs were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Plaintiff accepted service of the First R&R on April 15, 2024, and he accepted service of the Second R&R on June 17, 2024. ECF Nos. 49, 59. On July 1, 2024, the Plaintiff filed a "Motion of Objection to the Report and Recommendation of the Magistrate Judge/Motion to Strike the Instant Amended Complaint and Motion to Reinstate the Initial Amended Complaint." ECF No. 58. Because the Plaintiff submitted this filing after the

---

[1] The Plaintiff describes the latter three claims as arising under the Eighth Amendment. ECF No. 43 at 9. However, a claim alleging retaliation against an inmate for filing a civil complaint arises under the First Amendment. See <u>Martin v. Duffy</u>, 977 F.3d 294, 299 (4th Cir. 2020).

deadline to object to the First R&R, the Court construes it as the Plaintiff's objections to the Second R&R.

There are no objections to the First R&R before the Court. Thus, the Court reviews the First R&R for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005). "When performing such a 'clear error' review, 'the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, *3 (N.D.N.Y. July 12, 2012) (quoting Fed. R. Civ. P. 72(b) advisory committee notes to 1983 addition). Having so reviewed the First R&R, the Court finds no clear error on its face. Accordingly, the Court adopts the First R&R [ECF No. 47] and denies the Plaintiff's motion for injunction [ECF No. 37].

Turning to the Second R&R, it recommends this action be dismissed without prejudice primarily because the Plaintiff has not exhausted his administrative remedies, which deprives this Court of subject matter jurisdiction. ECF No. 55 at 10, 12. Even if the Plaintiff had exhausted his administrative remedies, the Second R&R reasons this case should nonetheless be dismissed because the Plaintiff has failed to allege a physical injury and has not asserted any cause of action recognized under Bivens or its progeny. Id. at 11–12, n.14.

The Plaintiff's objections do not contest any of the Second R&R's reasoning directly.[2] See generally ECF No. 58. However, because the Plaintiff essentially "restated all of [his] claims," the Court interprets the Plaintiff as objecting to the Second R&R's

---

[2] To be clear, the Plaintiff's objections also do not contest the First R&R's reasoning.

recommendation that the claims be dismissed. See Elijah, 66 F.4th at 460. Therefore, the Court reviews *de novo* the Second R&R.

Ultimately, the Court declines to adopt the Second R&R for two reasons. First, the Court holds the Second R&R erred with regard to exhaustion. Second, while the Court agrees the Plaintiff has failed to allege a physical injury and has not asserted any cause of action recognized under Bivens or its progeny, the Court finds these grounds do not support dismissal of all the Plaintiff's claims. Rather, dismissal is appropriate as to all but the Plaintiff's RFRA claim.

As to exhaustion, the Second R&R is incorrect that an inmate's failure to exhaust deprives this Court of subject matter jurisdiction. The Fourth Circuit—along with "[e]very court to have considered the question"—has concluded the PLRA's "exhaustion requirement is not a jurisdictional requirement." Anderson v. XYS Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). Additionally, the Plaintiff is not required to demonstrate—or even allege—exhaustion at this stage. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). ("inmates need not plead exhaustion, nor do they bear the burden of proving it."). *Sua sponte* dismissal is only appropriate in "the rare, exceptional instance where [a lack of] administrative exhaustion [is] apparent on the complaint's face." Cf. Custis v. Davis, 851 F.3d 358, 362 (4th Cir. 2017). The Court finds this case does not present such a rare or exceptional instance. Thus, the Court declines to dismiss this case on exhaustion grounds at this stage.

Next, while the Court agrees with the Second R&R that the Plaintiff has failed to allege a physical injury, that failure does not support dismissal of this action in its entirety. Instead, the Plaintiff's failure to allege a physical injury precludes him from recovering the

monetary damages he seeks. See Godbey v. Wilson, 2014 WL 794274, *7 (E.D. Va. Feb. 26, 2014) (citing 42 U.S.C. § 1997e(e); Tsosie v. Garrett, 409 F. App'x 262, 263 (11th Cir. 2010), cert. denied, 565 U.S. 968 (2011)). However, "the PLRA does not bar recovery of nominal or punitive damages in the absence of a physical injury" even where an inmate does not specifically plead nominal damages. Jones v. Price, 696 F. Supp. 2d 618, 625 (N.D. W. Va. 2010) (collecting cases). Consequently, the Plaintiff's failure to allege a physical injury limits his potential recovery, but it does not "serve as a basis for dismissal of Plaintiff's claims." Dontell v. Safford, 2024 WL 4140717, *27 n.19 (D.S.C. June 26, 2024).

Similarly, the Second R&R is correct that the Plaintiff has not asserted any cause of action recognized under Bivens or its progeny. Specifically, the Plaintiff's First Amendment retaliation claims fail as a matter of law and must be dismissed. Earle v. Shreves, 990 F.3d 774, 781 (4th Cir. 2021) (declining to extend Bivens to a First Amendment retaliation claim). But those are not the Plaintiff's only claims.

Indeed, the Plaintiff also alleges religious discrimination "under the Religious Freedom Restoration Act."[3] ECF No. 43 at 7. In considering a claim under the RFRA, "a court must first examine whether the plaintiff has demonstrated a substantial burden on the exercise of his sincerely held religious beliefs, and then determine whether the government can justify the imposition of that burden." Muhammad v. Ramirez, 2019 WL 7882144, *7 (D.S.C. Sept. 30, 2019) (citing Goodall by Goodall v. Stafford Cty. Sch. Bd., 60 F.3d 168, 171 (4th Cir. 1995)). A substantial burden is one that imposes "substantial

---

[3] To the extent the Plaintiff's RFRA claim is alternatively brought under Bivens and the First Amendment, it must be dismissed along with the retaliation claims. See Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (noting "we have not found an implied damages remedy under the Free Exercise Clause. Indeed, we have declined to extend Bivens to a claim sounding in the First Amendment.") (citing Bush v. Lucas, 462 U.S. 367 (1983)).

pressure on an adherent to modify his behavior and to violate his beliefs." See Liberty Uni., Inc. v. Lew, 733 F.3d 72, 100 (4th Cir. 2013) (quoting Thomas v. Review Bd., 450 U.S. 707, 718 (1981)). "Stated differently, [a] practice places a substantial burden on the religious exercises of inmates if it coerces them into violating their religious beliefs, or if it compels them to refrain, 'by threat of sanctions[.]'" Woods v. Evatt, 876 F. Supp. 756, 762 (D.S.C. 1995), aff'd, 68 F.3d 463 (4th Cir. 1995) (quoting Brown-El v. Harris, 26 F.3d 68 (8th Cir. 1994)).

The Court finds dismissal of the Plaintiff's RFRA claim would be premature at this stage. In relevant part, the Plaintiff alleges Defendant Hong "denied the Plaintiff the right to perform [religious] services in the chapel" and threatened to punish other inmates if they allowed the Plaintiff to join in their services. ECF No. 43 at 10. While the Plaintiff's RFRA claim is certainly lacking in detail, the Fourth Circuit has instructed that "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017) (quoting Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009)). Currently, the Court is unable to conclude "the [P]laintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)); cf. Brown-El, 26 F.3d at 70 (holding "[t]he policy did not coerce worshippers 'into violating their religious beliefs; *nor [did it compel] them, by threat of sanctions, to refrain from religiously motivated conduct*.'" (emphasis added)) (quoting United States v. Means, 858 F.2d 404, 407, (8th Cir. 1988), cert. denied., 492 U.S. 910 (1989)). Accordingly, the Court declines to adopt the Second R&R [ECF No. 55] and dismisses all but the Plaintiff's RFRA claim.

7

The Plaintiff's objections also request leave to further amend his complaint. <u>See</u> ECF No. 58 at 9. The Court finds no good cause to permit the Plaintiff to do so. Because the Plaintiff has previously amended his complaint, he must obtain the Court's leave to file a new amended complaint. Fed. R. Civ. P. 15(a). The Fourth Circuit has held a court should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986). A court should deny leave to amend based on futility when the proposed amendment is clearly insufficient or frivolous on its face. <u>Id.</u> at 510.

The Court declines to grant leave to amend because further amendment would be futile. The Plaintiff initiated this action with his original complaint on April 28, 2023. ECF No. 1. The Plaintiff amended his complaint on June 20, 2023. ECF No. 11; <u>see also</u> Fed. R. Civ. P. 15(a). On August 16, 2023, Magistrate Judge Trumble permitted the Plaintiff to again amend his complaint, and the Plaintiff obliged by filing his third complaint on September 5, 2023. ECF Nos. 17, 20. The Plaintiff then filed at least eight motions and what purported to be a fourth complaint. <u>See</u> ECF No. 40. Magistrate Judge Trumble construed the filings in part as a request to again amend the complaint and permitted the Plaintiff to do so. <u>Id.</u> On April 1, 2024, the Plaintiff filed his fifth complaint, which is the current, operative complaint. ECF No. 43. "Such repeated, ineffective attempts at amendment suggest that further amendment of the complaint would be futile." <u>See</u> <u>Martin</u>, 858 F.3d at 248. Accordingly, the Court denies the Plaintiff's request to further amend his complaint.

## III.    CONCLUSION

For the above reasons, the First R&R [ECF No. 47] is hereby **ADOPTED**. Therefore, the Plaintiff's motion for injunction [ECF No. 37] is **DENIED**.

The Court **DECLINES TO ADOPT** the Second R&R [ECF No. 55], and **ORDERS** that this matter be reassigned to Magistrate Judge Trumble for further proceedings. All claims **EXCEPT** the Plaintiff's RFRA claim, which shall continue in due course, are **DISMISSED WITHOUT PREJUDICE**.

The Plaintiff's request to further amend his complaint [ECF No. 58] is **DENIED**. Consequently, the Plaintiff's "Request for Judicial Notice" [ECF No. 57]; "Motion to Dismiss Without Prejudice" [ECF No. 60]; and "Request for Additional Pages" [ECF No. 61] are **DENIED AS MOOT**.

Because the Court has found summary dismissal is not appropriate at this time, the Clerk of Court is **DIRECTED** to issue a **twenty-one (21) day** summons for each named defendant at the address provided for in the Plaintiff's amended complaint [ECF No. 43]. See Fed. R. Civ. P. 12(a)(3)(A). The Clerk is **FURTHER DIRECTED** to forward a copy of this Order; a copy of the Plaintiff's amended complaint [ECF No. 43] and any attachments thereto; a completed summons, and a completed Marshal 285 Form for each of the individual defendants to the United States Marshal Service. The Marshal Service shall serve the Defendants within **twenty-one (21) days** from the date of this Order.

It is hereby **ORDERED** that the Defendants shall file an answer, motion, or dispositive pleading, consistent with the Federal Rules of Civil Procedure and the Local Rules of Prisoner Litigation Procedure.

Pursuant to the Local Rules of Prisoner Litigation Procedure, any Memorandum of Law filed by the Defendants in support of a dispositive motion **shall not exceed twenty-five (25) pages**. The Plaintiff shall have **twenty-one (21) days** from the date a dispositive motion is served to file any Response he may have. Any memorandum filed in support of his Response **shall not exceed twenty-five (25) pages**. Memoranda filed in Reply to a response **shall not exceed fifteen (15) pages**. Surreply and Surrebuttal Memoranda may not be filed. **Failure to comply with the page limitations set forth herein, without prior approval of the Court, will result in the entire document being stricken from the docket and returned to the party upon Court Order.**

The Clerk is **FURTHER DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address.

**DATED**: December 10, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE